UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JASON DEKUBBER,

    Petitioner,                                     Case No. 2:09-cv-164
                                                    HON. R. ALLAN EDGAR

v.

JEFFERY WOODS,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner Jason Dekubber has filed this petition for writ of habeas corpus challenging his state court convictions. On July 5, 2005, petitioner was convicted pursuant to a guilty plea of three counts of second-degree home invasion (M.C.L. § 750.110A3) and one count of possession of burglar tools (M.C.L. § 750.116). Petitioner was sentenced within the guideline sentencing range to concurrent prison terms of 7 years and 2 months to 15 years for the home invasion conviction, and 6 years and 8 months to 10 years for the possession of burglar tools conviction. Petitioner filed a delayed application for leave to appeal in the Michigan Court of Appeals on June 8, 2007, asserting the following claims:

> I. Failure to grant remand for an evidentiary hearing will result in denial of effective assistance of appellate counsel guaranteed by the Federal and State Constitutions (U.S. Const. Amend. VI; Const 1963, Art. 1, sec. 20).

> II. Defendant seeks to withdraw his plea based on the inadequate factual basis and because the plea was not intelligently and understandingly made.

III. Mr. Dekubber was unduly prejudiced by the ineffective assistance of his trial counsel for advising Mr. Dekubber to plead guilty to the possession of burglar tools in committing the home invasion when he told defense counsel that he did not use the axe for breaking and entering and the police reports support Mr. Dekubber's statements.

IV. Defendant is entitled to relief from judgment and reversal of his conviction because he was deprived of representation by competent counsel, as guaranteed by the Federal and State Constitutions, U.S. Const. Ams. VI, XIV; Const 1963, Art 1, Sec 17, 20.

The Michigan Court of Appeals dismissed petitioner's application on July 13, 2007, because it was not filed within 12 months after petitioner was sentenced. *People v. DeKubber*, Michigan Court of Appeals No. 278507 (July 13, 2007). Petitioner filed an application for leave to appeal to the Michigan Supreme Court, asserting that the Court of Appeals improperly dismissed the action as untimely. The Supreme Court remanded the case to the Court of Appeals and directed the court to treat the application as having been filed in a timely manner. *People v. DeKubber*, Michigan Supreme Court No. 134663 (February 1, 2008). On remand, the Michigan Court of Appeals denied petitioner's application for leave to appeal on the grounds that it lacked merit. *People v. DeKubber*, Michigan Court of Appeals No. 278507 (August 28, 2008). Petitioner filed an application for leave to appeal on the following grounds:

> I. Ineffective counsel. No trial strategy; waived prelims (sic); advised Defendant to plead guilty to crime which he did not commit; guilty plea coerced-pressured Defendant.
>
> II. Defendant seeks to withdraw his plea based on the inadequate factual basis and because the plea was not intelligently and understandingly made. (Defense counsel advised Defendant to take a plea and said the court would order boot camp, and not a prison sentence, due to Defendant's cooperating with the prosecutors and the court.)
>
> III. Mr. Dekubber was unduly prejudiced by the ineffective assistance of his trial counsel for advising Mr. Dekubber to plead guilty to the possession of burglar tools in committing the home invasion when he

told defense counsel that he did not use the axe for breaking and entering and the police reports support Mr. Dekubber's statements.

IV. Defendant is entitled to relief from judgment and reversal of his conviction because he was deprived of representation by competent counsel, as guaranteed by the Federal and State Constitutions, U.S. Const. Ams. VI, XIV; Const 1963, Art 1, Sec 17, 20.

The Michigan Supreme Court denied the application because the Court was not persuaded that the questions presented should be reviewed. *People v. DeKubber*, Michigan Supreme Court No. 137397 (January 9, 2009). Petitioner has not filed any post-conviction motions for relief.

Petitioner has now filed the instant application for habeas corpus relief. The respondent has filed an answer and has complied with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. In addition, respondent has filed a motion to dismiss for failure to exhaust state court remedies.

In his habeas corpus petition, petitioner seeks to assert the following claims:

I. Failure to grant remand for an evidentiary hearing will result in denial of effective assistance of appellate counsel guaranteed by the Federal and State Constitutions (U.S. Const. Amend. VI; Const 1963, Art. 1 Sec. 20).

II. Defendant seeks to withdraw his plea based on the inadequate factual basis and because the plea was not intelligently and understandingly made.

III. Mr. Dekubber was unduly prejudiced by the ineffective assistance of his trial counsel for advising Mr. Dekubber to plead guilty to the possession of burglar tools in committing the home invasion when he told defense counsel that he did not use the axe for breaking and entering and the police reports support Mr. Dekubber's statements.

IV. Defendant is entitled to relief from judgement and reversal of his conviction because he was deprived of representation by competent counsel, as guaranteed by the Federal and State Constitutions, U.S. Const. Ams. VI, XIV; Const 1963, Art 1, Sec 17, 20.

Petitioner raised the claim in the Michigan Court of Appeals that his plea was involuntary. Petitioner's appellate brief only addressed the voluntariness of his plea regarding the "burglar tools" conviction. Respondent states that in the instant petition, petitioner incorporates by reference the arguments made to the Michigan Supreme Court. In his brief to the Michigan Supreme Court, petitioner added new arguments in support of his claim that his plea was involuntary. Petitioner included his illegal entry convictions to his plea challenge, and also asserted that he was coerced into pleading guilty due to trial counsel's insistence that petitioner confess to other uncharged acts of breaking and entering; and because of the promise that petitioner would get either boot camp or work release (and not prison) should he confess to other crimes and accept the prosecution's plea offer. Petitioner never raised these issues in the Michigan Court of Appeals, but raised them for the first time in the Michigan Supreme Court.

Petitioner maintained in the Michigan Court of Appeals that his plea was involuntary because it lacked an adequate factual basis upon which he could be found guilty. Petitioner also argued to the Court of Appeals that trial counsel was ineffective for advising petitioner to plead guilty to the offense knowing that petitioner did not use the axe as a burglar tool. However, in the Michigan Supreme Court, petitioner added new arguments in support of his claim that his plea was involuntary. Petitioner included his illegal entry convictions to his plea challenge, and also asserted that he was coerced into pleading guilty due to trial counsel's insistence that (a) petitioner confess to other uncharged break-ins he committed; and (b) petitioner would get either boot camp or work release (and not prison) should he confess to other crimes and accept the prosecution's plea offer. Petitioner raised these issues for the first time in the Michigan Supreme Court.

Before the court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838,

842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971) (cited by *Duncan v. Henry*, 513 U.S. 364, 365 (1995) and *Anderson v. Harless*, 459 U.S. 4, 6 (1982)). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *Duncan*, 513 U.S. at 365-66; *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845.

Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Petitioner challenges the voluntariness his guilty plea and whether trial counsel was ineffective for advising petitioner to plead guilty on the offense knowing that petitioner had claimed that he did not use the axe as a burglar tool. Petitioner raised these issues in the Michigan Court of Appeals, but raised new arguments in the Michigan Supreme Court.

Petitioner raised the issues presented in this petition regarding his plea and ineffective assistance of trial counsel for the first time in his discretionary appeal to the Michigan Supreme Court. Presentation of an issue for the first time on discretionary review to the state supreme court does not fulfill the requirement of "fair presentation." *Castille v. Peoples*, 489 U.S. 346, 351 (1989). Applying *Castille*, the Sixth Circuit holds that a habeas petitioner does not comply with the exhaustion requirement when he fails to raise a claim in the state court of appeals, but raises it for the first time on discretionary appeal to the state's highest court. *See Dunbar v. Pitcher*, No. 98-2068, 2000 WL 179026, at *1 (6th Cir. Feb. 9, 2000); *Miller v. Parker*, No. 99-5007, 1999 WL

1282436, at *2 (Dec. 27, 1999); *Troutman v. Turner*, No. 95-3597, 1995 WL 728182, at *2 (6th Cir. Dec. 7, 1995); *accord Parkhurst v. Shillinger*, 128 F.3d 1366, 1368-70 (10th Cir. 1997); *Ellman v. Davis*, 42 F.3d 144, 148 (2d Cir. 1994); *Cruz v. Warden of Dwight Corr. Ctr.*, 907 F.2d 665, 669 (7th Cir. 1990). Unless the state supreme court actually grants leave to appeal and reviews the issue, it remains unexhausted in the state courts. Petitioner's application for leave to appeal was denied by the Michigan Supreme Court.

An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254. Petitioner has at least one available procedure by which to raise the issues he has presented in this application. He may file a motion for relief from judgment under M.C.R. 6.500 *et. seq*. Under Michigan law, one such motion may be filed after August 1, 1995. M.C.R. 6.502(G)(1). Petitioner has not yet filed his one allotted motion. Therefore, the Court concludes that petitioner has at least one available state remedy. Because petitioner has some claims that are exhausted and some that are not, his application must be dismissed as a mixed petition. *Rose v. Lundy*, 455 U.S. 509 (1982). .

In summary, it is recommended that petitioner's claims should be dismissed without prejudice for failure to exhaust state court appeals.

In addition, if petitioner should choose to appeal this action, I recommend that a certificate of appealability be denied as to each issue raised by the petitioner in this application for habeas corpus relief. Under 28 U.S.C. § 2253(c)(2), the court must determine whether a certificate of appealability should be granted. A certificate should issue if petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court

must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, the undersigned has examined each of Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." The undersigned concludes that reasonable jurists could not find that a dismissal of each of Petitioner's claims was debatable or wrong. Therefore, the undersigned recommends that the court deny Petitioner a certificate of appealability.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court withing fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b); W.D. Mich. LCivR 72.3(b) . Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).

      /s/ Timothy P. Greeley
      TIMOTHY P. GREELEY
      UNITED STATES MAGISTRATE JUDGE

Dated: June 30, 2010